Good morning, Your Honors. Frederick Stern for the appellants. Good morning. Your Honors, the Huntington Rental Code is unconstitutional both on its face and as applied. It violates the due process clause of the Fifth Amendment as applicable to the states pursuant to the Fourteenth Amendment because it is both unconstitutionally vague, because the code effectively takes property rights without due process, and it is all... We have a body of case law that says that the property can be inspected either on consent or with a warrant, and that that is constitutional. Where do your clients come in, and how do they deal with that case law? If I understand Your Honors' question, the... We have said in the past... Yes, there are... If there's a warrant requirement or consent to inspect property. That's what this ordinance requires, correct? This, what this, this ordinance is far more broad than any, than any ordinance to which that, that any of the case law has previously approved. What this law does is effectively deputize the, a third-party inspector to conduct the same overreaching investigation that the town itself could not legally undertake without a warrant. On consent. What I, I submit, Your Honor, that it's, that there is no real consent involved because of what the, the fact of the matter, the truth of the matter is that there is no, that there are two reasons why that, why that is, why the consent provision is illusory. The, the, the, the inspectors are subject to criminal penalties for failing to disclose, for failing to report to the town a violation of, and this is, this is my problem with the, this is why this, you know, reaches other constitutional issues as well. Any violation of any code, rule, ordinance by any state, county, local, federal, you know, from emanating from any level of government, a town building inspector is authorized to, is, assesses compliance. By the same token, the alternative is to have that done by a private, by a licensed architect or an engineer who, by the terms of the, of the ordinance, is subject to criminal penalties for failing to report any, a, a possible violation of any one of those code provisions from any level of which there's, you know, with regard to many of which there's no reason to presume he's, these people are even going to be aware. I think this is a long way of saying with the point you make in your brief that nobody is willing to do this. But you say that conclusorily and we don't know that. What I, I say that, well. That architects and, and contractors aren't willing to, to be hired for this purpose. But. I'm saying that the certain. To answer your question, I mean, what, what is the, how is this case different from we've said that a warrant requirement and consensual entry solves the constitutional concern? The, I would submit that the, that the, you know, the, the, the, this is not consensual. This is not the, the, the, the Supreme Court's, the Supreme Court precedent, I believe I'm referring, referring specifically to the Camara case right now. It requires, you know, the, the, the court has held that the, the exercise of one constitutional right, naming, namely the ability to use, to get the economic benefit of your property for, in this case, to use the property as a rental, can't be conditioned on the surrender of another property right. And what we're, what I'm saying is that the, that the, we're referring specifically to the Fourth Amendment issue right now. I submit, by the way, I, I wanted to emphasize that that is simply, that's just one of the constitutional defects in play with respect to this, this statute. The perhaps even more significant is the, is the vagueness of the statute, because, as I indicated, it gives town, it gives code enforcement personnel the right to deny a rental permit and thus the benefit of, of the property based upon what is in the mind of any code, of any code enforcement officer untrained in the law, a violation of any applicable Federal, State, local, county rule regulation. This is, it's, it's overbroad and it's, it's, and this is regardless of the fact that the, of whether the, the provision that the code enforcement officer, it's, whether it, whether the particular provision is even applicable to the, to the code enforcement context. It's any Federal law, any Federal law. Sotomayor, have any citations, violations of State, Federal, county, village ordinance been issued for a violation of any of those sources of law yet? Your Honor, I. You can point to, because otherwise that issue doesn't appear to be ripe. Your Honor, I would, I would argue that the, that the, that the statute is both facially and unconstitutional, unconstitutional both facially and as applied. I am not at this juncture, not at least with respect to these plaintiffs, there have not been such, there has not been such a citation issue. They have not, they have not, have they given consent for inspection for clients? Some of them have. And there's no. I mean, they, they were allowed then to rent their property, correct? Well, yes, but by, that doesn't mean that, that they, that they should, that the requirement is constitutional. Yes. Yes. I understand. But it goes to your argument of over breadth, that once they allow inspection, they seem to go through the process and get, get the rental permission, correct? Then how over broad could it be if it's working? Well, I can tell you this, that, that the, I can already, we can already point to abuses and this is a, this is a new statute. The evidence of the opportunities and that the, that these, that these abuses have actually taken place lie in the fact that the, the code provisions are already being interpreted by the town's director of public safety as authorizing him to collect information as to the location and the occupants of rental properties owned by applicants that, where the properties aren't even located in the town of Huntington. They're not the subject of the applications. They're simply, they have the right to collect information and they're demanding that the, that these applicants provide it. The, the. So the over breadth argument, how is it different from a building inspector building a new construct, evaluating a new construction to make sure it complies with all local and state laws before a certificate of occupancy is, is issued? How is that more defined than, than this ordinance for rental properties? Put in, put in a, you know, succinctly as I can, Your Honor. The problem here is that these are not even, these are not even necessary. The, the code is both explicitly and implicitly. It explicitly says any code of any kind, meaning not, not even necessarily a building code of where, you know, I, and it's obviously a code enforcement officer has no, has, is, and with no legal training is just simply not in a position to decide that you've got, you know, we. Why do you say that about a code enforcement officer? They get a lot of training. Building inspectors have a lot of training on them. In building codes, yes. Building codes. With respect to building codes. But I'm talking, it, I guess maybe I'm not making myself clear. It's, I mean any code. I mean the criminal code. I mean anything that might be, that, that might, that might conceivably be applicable to the, to the property, to its occupants, to the contents, to personal, anything. That's, that's what this, this, this, this code section gives them authority to do. And that's. Your time has expired. You have reserved two minutes for rebuttal. We'll hear from the town of Huntington. Good morning, Your Honor. May it please the Court. James Clark for the appellees. As Your Honors have already recognized, the statute in question here was, was not created out of thin air. The town had the benefit of the jurisprudence that has already come from this court and other courts with respect to the constitutionality of these types of statutes. The statute in question was modeled after statutes including the town of Babylon, the city of Schenectady, statutes that this court has already found to be constitutional. And there's nothing that's contained in the town's rental permit law that moves away in an unconstitutional manner from the cases that this court and other courts like it have already found and upheld similar statutes. May I just probe a little as to that? I mean, we've, we've held that it's consent plus a warrant requirement that will often avoid constitutional concerns. Right. Yes. Let me assume that the rental owner is trying to abide by the law as we would hope people would be. You're never going to search that property unless you, on a warrant, unless you have probable cause to think that he's not operating lawfully. So the warrant is only going to apply in circumstances where you have a basis to think that the owner is not operating lawfully, right? Correct. That would be, that would be the premise. So we'll stick with our lawful owner who wants to rent his property. He would have to give, he would either have to hire a private architect or give consent to the town's own authorities, right? Correct. Okay. The plaintiff says that because of the exposure to criminal culpability on architects and contractors, they don't do this work. Do you want to respond to that? Because otherwise, all we're left for with someone who's trying to abide by the law is give your consent or you're out. As to the issue of the assertion that third-party architects, engineers, other licensed code inspectors, all of whom are able to perform these types of inspections under the statute, are unwilling to do it, there's nothing in the record. There's no factual allegations in the complaint that would support that. It's a conclusory assertion. It's not that I've missed something. There's nothing in it. There is nothing to support that. And I would submit that that provision gives property owners in the town an additional avenue that some of the other statutes that have been upheld don't. Right. I won't ask you to defend statutes other than your own. Right. But so — It seems like it was a benefit given to lessors, right? I mean, because for new construction, like I was talking about before, you can't provide just an architect's stamp and get a certificate of occupancy. The town building inspector typically, in my knowledge, has to come out and look at the place and approve it. Absolutely. But this seems to allow for more latitude by lessors. If you can get one of these architects or engineers to issue a certificate, the town doesn't have to come out and look at the leased premises, right? Correct. If either a licensed engineer, licensed architect, or a licensed code inspector who's not a town employee can perform an inspection, certify that the property is compliant, and you've bypassed the inspection process vis-à-vis the town. You've satisfied that requirement, and you can move forward with your application. That happens. I mean, the plaintiffs themselves have gone through the process and gotten permits. There's no injury, in fact, to anybody involved in the case because nobody's been denied a permit. So what has happened here is the town has set up this system. Property owners have different options available to them. And as far as the record here is concerned, and in practice, people are getting these permits. Just to follow up on something Judge Radji was asking about is to get the warrant. So the town finds out that there's no certification from an architect or a private building enforcement person, a code person. How do they then get a warrant? They must have to establish probable cause that there's violations of the code in order to convince a judge to issue a warrant. Or is it just we haven't got the certificate from anybody here, so we want a warrant to go in and look at these premises? No. It's a reasonable cause standard. So the warrant would be presumably be issued if the town had indication that the property was either being advertised for rent or being rented itself without having gone through the full application process, meaning the inspection prior to letting the premises. So you don't have to believe that the property is deficient in order to get the warrant? You just have to believe it's rental property? They have to believe there's a violation of the code. The code requires the permit. Right. Or you need to get the warrant. If that's one way, obviously if there was a belief there were other code violations. The only violation you need to get the warrant is that it's being rented and it hasn't been inspected. It doesn't have the certificate of habitability or whatever it's called. I would submit that that would be the proffer as to the reasonable cause for the warrant, whether or not that would be sufficient in the mind of a judge I can't speak to that, but that would be one of the ways to proffer reasonable cause. But it wouldn't be if the person, if they had not rented the property yet, they wanted to rent it but they hadn't rented it yet, you couldn't rely on that? If there was no indication that there was a violation of town code, there would not be presumably reasonable cause to seek a warrant. You wouldn't have to allege that there was something wrong with the property, that it didn't comply with the sanitary codes or whatever. I don't believe unless there was another independent basis to make such an allegation, absent an inspection, I don't know that anybody would have the ability to make such a representation in applying for a warrant. I'm a little confused. Is the absence of the other inspection, the private inspection, the certificate, enough to justify a judge issuing the warrant for an inspection by the town people? Or do you have to have something more like in the affidavit saying, we've been told by somebody who was in the premises that there's no smoke detectors? There are actually set forth a number of different items that can lead to probable cause or lead to reasonable cause to seek a warrant. Where's that? You could have the court, the district court below, cites the 12 items, including such things as if there's multiple electric meters or multiple. What page of the opinion? Hold on, Your Honor. It is. It would be in, it's actually footnote 6, where the court says, moreover, the rental property law specifically delineates 12 conditions or occurrences, many of which are readily observable or ascertainable without entering the property that constitute presumptive evidence or create a rebuttable presumption that the property is rented. Is rented? Yes. Without the permit? Yes. Well, I'm just saying, is there something more that's required? You know, like there's no smoke, we heard there's no smoke detectors. Again, is there something, would that be required before a warrant were issued? Thank you. Thank you, Your Honor. Your Honor, I believe you reserved two minutes for rebuttal. Yes, Your Honor. Your Honor, as I indicated briefly, the code requires that the rental property be in compliance with all currently applicable county, state, federal laws, codes, rules, regulations. What it fails to take into account is the multitude of rental properties that are exempted from compliance with those laws by such things as valid certificates of occupancy, certificates of compliance, certificates of existing use, or simple grandfathering. That as a result of which the properties that are the subject of those documents are not required to comply with current codes. What this, the effect of this law is to simply wipe all that away. And that's a violation of due process, and that's the Supreme Court's holding in Norton v. Town of Iceland, that these are property rights, vested property rights that cannot be taken away except with after due process. Finally, one final point. I'm not sure how granting exemptions to other people implicates due process. Maybe, but I'm not sure due process. What's your argument? Well, that was, I'm relying on the holding of the Supreme Court in Norton v. Town of Iceland. What did you plead? I'm sorry? What did you plead as the constitutional defect? As the constitutional, it's an unconstitutional taking, Your Honor. Okay, we're dealing with a lot of different constitutional claims. Yes, yes. We only review the ones you've alleged. We have. We did allege that, among others, and one more. That's the, as I indicated, we have violations of, multiple violations. We have the violations of the Fourteenth Amendment and the Fourth Amendment, which I'll address now. Relying on the Supreme Court's decision in Camaro, which I mentioned briefly, the towns were not, no one argues that the town doesn't have a legitimate interest in the public, in public safety. But in analyzing a similar statute, the Camaro court held that the warrant requirement does no violence to the legitimate code enforcement goals of the municipality. After noting that many, if not most, citizens will allow inspections of their properties without a warrant, the court noted that the strict standards attending the issuance of a warrant in criminal cases are not applicable to the issuance of a warrant authorizing an administrative inspection. The agency's particular demand for access will be measured in terms of probable cause for a warrant against a flexible standard of reasonableness that takes into account the public's need for the effective enforcement of the particular regulation involved while providing, and this is the key, while providing the opportunity for preliminary review that is the hallmark of review under the Fourth Amendment under the U.S. v. Patel. The holding of the Supreme Court with respect to the issues in this case prohibit the town from conditioning the ability of a property owner to secure a rental permit on consent to a warrantless search or by the, you know, to effectively to require the deputization of a private professional to do what the town couldn't do itself. The town has both the ability and the duty to obtain a warrant and to state a basis for its, for the, why it believes it's necessary that it have the warrant and that it have the right to an inspection. This is an essential check to for, you know, on the rights, to protect the rights of the homeowners involved. Each property owner, I remind you, is already subject to statutory and contractual requirements to provide tenants with safe and habitable living spaces. And the U.S. Constitution forbids the town from going through the back door to do what it can't do by going through the front door. Thank you. Thank you. Thank you both for reserved decisions.